**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| A.M.D., | Civil Action No. 26-6337 (ZNQ) |
| Petitioner, | |
| v. | **ORDER** |
| TODD BLANCHE, *et al.*, | |
| Respondents. | |

This matter comes before the Court on Petitioner's petition for a writ of habeas corpus (ECF No. 1) and motion seeking to proceed identified only by his initials in light of his history in his home country. (ECF No. 4.) The Court having considered Petitioner's motion, and for good cause having been shown, Petitioner's motion shall be granted.[1] Finally, Petitioner having paid the applicable filing fee, and the Court having considered his petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), and determined that

---

[1] In his motion and memorandum in support of being permitted to proceed by his initials, Petitioner asserts that he has previously been subjected to persecution in his home country and has submitted documents alongside his petition which reference this history and contain identifying information to include his full name. Petitioner asserts that, should he be removed to his home country, these documents could be used against him by those who previously persecuted him. He therefore requests to proceed in this matter identified by his initials only. Although a full sealing of the record will often not be warranted in immigration habeas proceedings merely because the record contains information relevant to an asylum claim, courts in this district have found that the lesser protection of permitting the petitioner to proceed solely by initials is warranted in cases where an alien provides good reason to believe that he or she may be subject to further persecution upon removal from the United States if such a redaction is not permitted. *See, e.g., K.A. v. Green*, No. 17-3542, 2017 WL 5513685, at *2 (D.N.J. Nov. 16, 2017). Given the sensitive nature of the facts underlying Petitioner's asylum claims, and his perceived risk of further persecution should he be removed to his home country, and in light of the public's already limited right of access to materials filed in immigration habeas cases, the Court finds that permitting Petitioner to proceed using only his initials in this matter is warranted.

1

dismissal prior to submission of an answer is not warranted, the Government shall be directed to file an answer to the petition.

**IT IS THEREFORE** on this 1st day of June, 2026,

**ORDERED** that Respondents Blanche, Mullin, Tsoukaris, Margolin, and Venturella are dismissed without prejudice from this matter as the proper respondent in a petition brought under 28 U.S.C. § 2241 is the warden of the facility where the detainee is currently being held, in this case the remaining Respondent, Luis Soto, *see Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004); *Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994); it is further

**ORDERED** that the Clerk of the Court shall serve copies of the petition (ECF No. 1), and this Order, upon Respondent Soto by regular mail, with all costs of service advanced by the United States; it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the petition, and this Order, to Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; it is further

**ORDERED** that, within 7 days after the date of entry of this Order, Respondent shall electronically file a full and complete answer to the petition, which responds to the factual and legal allegations of the Petition paragraph by paragraph; it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243; it is further

**ORDERED** that Respondent shall raise by way of the answer any appropriate defenses which Respondent wishes to have the Court consider, including, but not limited to, exhaustion of administrative remedies, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate legal authority; it is further

**ORDERED** that Respondent shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within 3 days after the answer is filed; it is further

**ORDERED** that, within 7 days after any change in Petitioner's custody or immigration status, be it a final order of removal or otherwise, Respondent shall electronically file a written notice of the same with the Clerk of the Court; it is further

**ORDERED** that the Government shall not transfer Petitioner out of New Jersey pending a final decision in this matter; it is further

**ORDERED** that the Government shall inform the Court of any transfer of Petitioner, including any that may predate the order barring transfers, within twenty-four hours; it is further

**ORDERED** that ICE shall file a declaration, signed under penalty of perjury, either by hand or electronically, by either the Newark Field Office Director or by the Newark Field Office Deputy Director, that indicates that ICE has (i) received this Court's Order prohibiting Petitioner's transfer from New Jersey; and (ii) received written legal advice from the United States Attorney's Office on the subject of ICE's obligation to comply with that Order; the declaration shall be filed on the public docket of the Court on or before **5:00 p.m. EDT on June 1, 2026**; it is further

**ORDERED** that the United States Attorney's Office shall immediately file a letter on the Court's public docket if an Order of the Court is violated in connection with this case; it is further

**ORDERED** that Petitioner's motion seeking to be identified only by his initials in this matter (ECF No. 4) is **GRANTED**; and it is further

3

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner electronically.

                                                _s/ Zahid N. Quraishi_

                                              **ZAHID N. QURAISHI**
                                              **UNITED STATES DISTRICT JUDGE**